## A. A. McMillan *vs.* James S. McCall and others.

In February, 1870, an order was made that plaintiff give security for costs on or
before the 1st May, 1870, or be non-suited. He failed to comply with the
order, and the Clerk having refused to enter judgment defendants obtained
a rule against him to show cause, at June Term, 1870, why he should not be
attached for contempt. On return to the rule an order was made discharg-
ing the rule, re-instating the action on the docket without prejudice, and
giving plaintiff further time to comply with the previous orders: *Held,* That
as neither of the orders made in the cause was final or involved the merits,
the Supreme Court had no jurisdiction to review them.

Before RUTLAND, J., at Marion, June Term, 1870.

Appeal from orders made in the case stated, and two other actions
against the same defendants. The case is stated in the judgment of
the Circuit Judge, which is as follows:

"At the February Term of this Court, the plaintiffs in each of
these aforesaid cases, being resident beyond the limits of the State of
South Carolina, were required by order of the Court, at the instance
of the defendants, to give proper security for the costs of the said
actions, on or before the first day of May, A. D. 1870, or be non-
suited. At the present term of this Court, a rule was issued against
W. W. Brady, Clerk of the Court of Common Pleas, requiring him
to show cause why he had refused to enter non-suit on the said three
cases, because of the failure on the part of the plaintiffs to comply
with the aforesaid order of this Court. To this rule, the Clerk re-
turned for cause, that on the 30th day of April, 1870, the plaintiffs,
by J. M. Johnson, one of their attorneys, deposited with him one
hundred dollars, which he did not regard as sufficient, but became
satisfied, upon being assured in writing by the said attorney, that
more would be deposited, if desired. The terms of the said rule and
return thereto will appear fully from the originals on file, and
which this judgment is intended to accompany. An order was
asked for by defendants' counsel to discharge the said rule against
the Clerk, upon his entering a non-suit, in said actions, against the
plaintiffs. The plaintiffs appeared by counsel, and resisted the
granting of the said order of discharge in terms aforesaid, contend-
ing that the Clerk was not in default, nor the plaintiffs subject to
non-suit, because the order of the Court, requiring security, if not
literally, at least had been substantially complied with. They further
contended, that even if a non-suit had been suffered by the strict
operation of law, according to the terms of the order of February
last, yet under the 197th Section of the Code, in force May 1, 1870,

the Judge, in the exercise of his discretion, could vacate, set aside and reverse the said judgment of non-suit, on such terms as the Court might deem calculated to further the ends of justice. These propositions of law were stoutly disputed by the counsel for the defendants, in said three cases. The Court is of opinion that the plaintiffs, having failed fully to comply with the order of February last, did, on May 1, 1870, become non-suited; but that the same arose by mistake, or, at furthest, excusable neglect on their part, and not a willful disregard of the order of the Court, and that, being willing still to comply with any further requirements in this regard, they are entitled, under the peculiar circumstances of the case, to be reinstated in Court without prejudice. Wherefore, it is ordered and adjudged, that the rule against the said Clerk be discharged; that the said judgment of non-suit be set aside, and the parties plaintiff be re-instated in Court, with their actions on the docket or calendar as before, and without prejudice because of said judgment herein vacated. Ordered, further, that the previous order of February last be so modified as to allow the said plaintiffs to comply fully therewith, on or before July 1, A. D. 1870, and failing so to do, that they be absolutely non-suited."

The defendants appealed, and now moved this Court to reverse the order, granting further time to the plaintiffs to put in security for costs, and for an order requiring the Clerk of the Court of Common Pleas for Marion County to enter up judgment of non-suit in the above stated cases, upon the following grounds:

1. Because the time for entering security for costs having expired without entry of the same, the defendants were entitled to enter judgment of non-suit.

2. Because His Honor Judge Rutland had no authority to extend the time within which plaintiffs should enter security for costs.

*Wurley & McKerrall, McIver,* for defendants:

An order requiring non-resident plaintiff to put in security for costs, can only be complied with in one of two ways. Either by the entry of security in a certain prescribed form on the back of the record, or by a deposit of a sum of money with the Clerk sufficient to secure the costs.—*Boyd* vs. *Graham,* 2 Hill, 558; 74th Rule of Court, Miller's Comp., p. 44; 22d Sec. Act of 1839, XI Stat., p. 77.

An order that the plaintiff give security for costs by a day cer-

tain is final, after the expiration of the time limited, and unless it has been previously modified or rescinded, the Court possesses no authority subsequently to extend the time for complying with the requisition.—*McCollum* vs. *Massey & McNeill*, 2 Bail., 606 ; *Fonville* vs. *Richey*, 2 Rich., 10 ; *McDermaid* vs. *Earnest*, 4 Strob., 322.

*Hudson & Johnson, Sellers,* contra:

The particular form of security for costs, under order of the Court, is fixed by the 74th Rule of Court, which, like all rules of practice, is not to be so rigidly and arbitrarily construed and enforced as to inflict hardship upon suitors and defeat the ends of justice, but, in the exercise of a sound discretion by the Judge, may be so construed as to promote the same.—*Boyd* vs. *Grahum*, 2 Hill, 558 ; *Furman* vs. *Hannan*, 2 McC., 442.

A substantial compliance with an order of Court should be accepted in good faith, and avert the penalty of willful disregard. In this instance the honest intention of plaintiffs substantially to comply with the order, and, in fact, the substantial compliance therewith, are apparent, and the defendants have suffered no damage from disobedience thereof.—*Ferret* vs. *Wilson*, 3 Hill, 340 ; *Furman* vs. *Hannan*, 2 McC., 442 ; *McCollum* vs. *Massey and McNeill*, 2 Bail., 606.

A non-suit is not suffered until an unconditional order and absolute judgment of the Court to that effect has been entered up, to which moment the Court holds itself free to exercise its discretion in rendering or declining the judgment. The Clerk cannot enter up a judgment which has never been rendered. Wherefore the motion in this case, coming in the particular form presented, might well have been, and should have been, refused by the Court, on the ground of irregularity, the Clerk being without authority to have done as desired. The cause was open for amendment until final judgment.—*Simpson* ads. *Bank*, 2 Speer, 45.

The ordering of a non-suit is discretionary with the Court. In the exercise of a sound discretion, under the facts and circumstances of these cases, the strict rules of our former practice would not have justified the ordering of a final judgment of non-suit.—*McDermaid* vs. *Earnest*, 4 Strob., 192.

If, according to the strict interpretation of the 74th Rule of Court, the plaintiffs could be said to stand absolutely non-suited on the first day of May, A. D. 1870, certainly, under the wise and liberal provisions of Section 197 of the Code, the Judge had the

authority to grant the order he did restoring the plaintiffs to their unprejudiced standing in Court, and his discretion was wisely exercised in so doing. Circuit Judges possessed similar powers to set aside the final and interlocutory judgments before the adoption of the Code.—*Thomas* vs. *Brown*, 1 McC., 557; *Sergeant* vs. *Wilson*, 2 McCord, 512; *Evans* vs. *Parr*, 1 McCord, 283; *Messervey* vs. *Hillier*, 12 Rich., 483; *Walton* vs. *Parsons*, 4 McC., 368; Code, Sec. 197.

The Supreme Court will not disturb or reverse the order, decree or judgment of the Court below in matters permitting the exercise of a sound discretion, unless hardship and injury to the party cast, or gross abuse of discretion and error of judgment be shown.—Code, Sec. 197; *Messervey* vs. *Hillier*, 12 Rich., 483; *Barnes, Bateman & Ruderow* vs. *Bell*, 11 Rich., 20, and cases there cited.

June 1, 1871. The opinion of the Court was delivered by

WRIGHT, A. J. By an order issued by the Court below, on the 17th of February, 1870, the plaintiffs, being non-residents, were required to enter security for costs, on or before the 1st day of May of the same year, or be non-suited.

The Clerk of the Court failed to enter such judgment, and a rule was obtained against him to show cause why he should not be attached for contempt for not entering judgment of non-suit; and, on his return to the rule, he showed that he had received from the plaintiffs in the actions one hundred dollars as security for costs, and had taken a written obligation from them and their attorneys to increase the same if desired. The rule against him was discharged, and the plaintiff's action ordered to remain upon the docket as before, without prejudice.

The only question in this case for this Court to consider is as to its jurisdiction to review, on appeal, an order made by the Court below amending a previous order made by the same Court.

The first order in the cause was made previous to the adoption of the Code. The last, or order discharging the rule against the Clerk, and permitting the plaintiff's actions to remain upon the docket, was made after the Code took effect; and, under Section 197, the Judge had full power to amend the previous order; and as neither of the orders made in the cause was final, or involved the merits, the Court has not the jurisdiction to review them.—The Code, Title 2, Section 11.

The motion is denied.

*Willard*, A. J., concurred.

Moses, C. J., (dissenting.)   I cannot concur in the opinion of the majority of the Court.

It has been long settled in this State that an order requiring a plaintiff to give security for costs by a fixed day, is final, after the expiration of the time, and beyond the control of the Court, as to its rescission or modification.—*McCollum* vs. *Massey and McNeill*, 2 Bail., 606 ; *Fonville* vs. *Richey*, 2 Rich., 10; *McDermaid* vs. *Earnest*, 4 Strob., 322.

If the Circuit Judge had considered the security taken as a compliance with the order and discharged the rule against the Clerk, his action could not have been reviewed by this Court; holding, however, "that the plaintiffs, having failed to comply with the order, became non-suited," which, in my judgment, placed the whole matter beyond his control, he, nevertheless, regarded it as within his power to excuse the default as arising from "mistake, or, at furthermost, excusable neglect," setting aside the order for non-suit and extending the time for entering the security.   The moment he admitted that the plaintiffs were non-suited (which, in express terms, he did,) what order could he make for the restoration of the cases ? The plaintiffs by the non-suit were out of Court.

The order was made on the 17th of February, 1870.   The Code was adopted on the first of the following March.   How could the Code apply to an order made before its passage, the result of which, on the non-performance of the conditions it imposed, was final and conclusive.

The order of June 4th, 1870, was not made by any proceeding under the Code.   If a party out of Court can be restored to the status which he has lost in it by the 197th Section, which allows relief in cases of mistake, a proceeding for that purpose must be entered according to the requirements of the Code.   No conformity to any course prescribed by it was shown in the Court below; on the contrary, the whole matter was disposed of on the rule against the Clerk, which had issued on the defendant's motion.   If it is put upon the ground that it was relief to a party from a judgment under the Section referred to, the record fails to shew any action on the part of the plaintiff to that end, or notice to the defendant of any motion by which it could be attained.